IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN and HILARY WARNOCK,

          Plaintiff,

v.

MORTGAGE RESEARCH CENTER L.L.C.
d\b\a VETERANS UNITED HOME LOANS and
NATIONSTAR MORTGAGE LLC d\b\a MR. COOPER,

          Defendants.
_____/

CASE NO.:  23-CV-914

**JURY DEMAND**

**PLAINTIFF'S COMPLAINT WITH JURY TRIAL DEMAND**

Plaintiffs, STEPHEN and HILARY WARNOCK (hereinafter "Plaintiffs") as well as the Purported Class, by and through the undersigned counsel, sues MORTGAGE RESEARCH CENTER L.L.C  d\b\a VETERANS UNITED HOME LOANS and NATIONSTAR MORTGAGE LLC d\b\a MR. COOPER, and alleges:

**GENERAL ALLEGATIONS**

1. Plaintiffs are a married couple who formerly lived at 935 Symphony Isles Blvd., Apollo Beach, FL 33572 ("Subject Property").

2. During the time Plaintiff's owned the property, it was encumbered by a federally backed mortgage purportedly owned by MORTGAGE RESEARCH CENTER L.L.C.  d\b\a VETERANS UNITED HOME LOANS ("Veterans United").

3. This loan was serviced by NATIONSTAR MORTGAGE d\b\a MR. COOPER ("Mr. Cooper").

4. Venue is proper as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. Defendant, Veterans United, is a Missouri Limited Liability Company that regularly transacts business in this State and in this district by virtue of originating and holding mortgage interests in real property.

6. Defendant, Mr. Cooper, is a loan servicer, servicing mortgage loans for various other entities and dealing directly with borrowers such as the Plaintiffs.

7. On or about October 7th, 2019, Plaintiffs and Defendant, VETERANS UNITED, entered into a written Note and Mortgage for the purchase of the subject property.

8. As a result of this Note and Mortgage, the Plaintiffs were required to insure the subject property in order to protect Defendant, Veterans United, interest in the property.

9. The property was required to have "extended Coverage" which insured the property from other hazards including, but not limited to, Flood.

10. As a result of this requirement, Plaintiffs secured Flood Insurance on the subject property through WRIGHT NATIONAL FLOOD INSURANCE.

11. The term of this policy ran from August 10, 2021 through August 9, 2022.

12. The mortgage in this property called for an "Escrow" account, to pay, in part, Flood Insurance.

13. Defendants, Veterans United or Mr. Cooper, made payments on the Flood Insurance from August 10, 2021 through the end of the policy.

14. As indicated by Veterans United, it or its servicer were aware of the need to renew this insurance policy.

15. Specifically, Veterans United's Insurance Department contacted Wright National Flood Insurance on August 4, 2022 to obtain the flood insurance renewal information (due on August 10, 2022).

16. This automated system advised Defendants that RTI Insurance Services would need to be contacted to obtain the renewal information.

17. Defendants, Veterans United or Mr. Cooper, through its Insurance Department, contacted RTI Insurance Services via fax to obtain this renewal.

18. Defendants, Veterans United or Mr. Cooper, then waited 5 days, and on August 9, 2022 (the last day of the policy) they attempted to contact Wright National Flood Insurance again. Defendants were unsuccessful as there was an "extended hold time."

19. Defendants, Veterans United or Mr. Cooper, again waited. Next, on August 19, 2022, a policy was received by Wright National Flood Insurance; however, because the document was "illegible," Defendants were unable to update the account.

20. The Defendants then waited more, attempting to contact RTI Insurance Services on August 23, 2022 to verify the policy information. There was a name discrepancy discovered; however, no payment was tendered to RTI Insurance Services or Wright National Flood Insurance.

21. Defendants again waited, contacting Wright National Flood Insurance on August 30, 2022. Only at this point were Defendants able to speak with a representative and update the Mortgagee Clause.

22. The defendants then sent the funds required to pay the flood insurance premium ($923.00) on August 31, 2022.

23. The Defendants then waited, this time close to one month, and on September 27, 2022, Defendants called to "verify if the policy was still ac-

tive." They did not ultimately make contact, hanging up because the hold time was extended and later left a voicemail.

24. The next day, on September 28, Defendants were informed that the payment had been received; however, the payment was late and the policy was canceled.

25. This late payment left the Plaintiff's without insurance, without warning from the Defendants.

26. At the time of the loss of insurance, Hurricane Ian was in the process of forming and making landfall on the western coast of Florida. At times, this storm was projected to be a category four hurricane directly impacting the Tampa Bay Area.

27. At the time of learning of the loss of insurance, the Plaintiff's had to rush to secure same. Defendants' oversight caused a $1,218 year increase in costs for the Plaintiffs.

28. Plaintiff, STEPHEN WARNOCK, is a 100% disabled veteran.

29. This increase in costs, although negligible from Defendant's perspective, has resulted in the need of the Plaintiffs to sell their home, which sold in March of 2023.

30. Plaintiffs sent Veterans a notice of error, which was received on November 30, 2022, and was responded to on January 24, 2023

31. All conditions precedent to this matter have been substantially complied with or have been waived.

32. Plaintiff has engaged The Consumer Protection Attorney, PA to prosecute this matter and has agreed that they are entitled to a reasonable fee.

## COUNT I - VIOLATION OF THE REAL ESTATE SETTLEMENT AND PROCEDURES ACT
### [AS TO VETERANS UNITED]

33. Plaintiff repeats and restates paragraphs 1 - 32 as if fully set forth herein.

34. At all times relevant to this action, Defendant, Veterans United, is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C § 2601, et. seq. ("RESPA"), and the regulations applicable thereto, as set forth under 24 CFR §3500.1, et. seq., and 12 CFR § 1024.30, et. seq.

35. Defendant engaged in an act or omission prohibited under 12 USC 2605(k)(1)(C) and 12 CFR § 1024.34(a) by its failure to make timely escrow payments (i.e., on or before the deadline to avoid a penalty). This was not done; 12 CFR § 1024.35(b)(4) by failing to pay insurance premiums in a timely manner as required by 12 CFR 1024.34(a); by failing to provide a response in a timely manner under 12 CFR 1024.35(e)(3)(i)(c) (even with extensions); and 12 CFR 1024.36 by failing to provide the information request in the Notice of Error.

36. As a direct and proximate result of the above-described violations of RESPA by Defendant, Plaintiffs have suffered losses and damages. Namely, they were forced to sell their home due to the rise in insurance costs. They also had to pay higher premiums as a result of the breach.

37. Defendant was advised of the act or omission through a written notice of error Notice of Error/Qualified Written Requests which detailed the issue.

38. Despite receiving the notices of error, nothing was corrected with respect to the Plaintiff's loan account after the closing.

39. Because of the failure to correct they suffered emotional damages when, during a period of time when a major hurricane was to make landfall, the property had no flood insurance through the Defendant's default. They

suffered actual damages as they were forced secure new insurance at a greater cost and, because of this greater cost, had to sell their home.

40. Given the number of notices of error, and the fact that other borrowers have been adversely affected by this type of behavior, statutory damages are proper.

WHEREFORE, Plaintiffs seek judgment in their favor, for statutory damages, actual damages and nominal damages, and other damages to be acceptable at law, for attorney's fees and court costs, for interest (pre-judgment and post-judgment), and for any and all other relief this court deems just.

## COUNT II - VIOLATION OF THE REAL ESTATE SETTLEMENT AND PROCEDURES ACT [AS TO MR. COOPER]

41. Plaintiff repeats and restates paragraphs 1 - 32 as if fully set forth herein.

42. At all times relevant to this action, Defendant, Mr. Cooper, is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C § 2601, et. seq. ("RESPA"), and the regulations applicable thereto, as set forth under 24 CFR §3500.1, et. seq., and 12 CFR § 1024.30, et. seq.

43. Defendant engaged in an act or omission prohibited under 12 USC 2605(k)(1)(C) and 12 CFR § 1024.34(a) by its failure to make timely escrow payments (i.e., on or before the deadline to avoid a penalty). This was not done; 12 CFR § 1024.35(b)(4) by failing to pay insurance premiums in a timely manner as required by 12 CFR 1024.34(a); by failing to provide a response in a timely manner under 12 CFR 1024.35(e)(3)(i)(c) (even with extensions); and 12 CFR 1024.36 by failing to provide the information request in the Notice of Error.

44. As a direct and proximate result of the above-described violations of RESPA by Defendant, the Plaintiffs have suffered losses and damages.

Namely, they were forced to sell their home due to the rise in insurance costs. They also had to pay higher premiums as a result of the breach.

45. Defendant was advised of the act or omission through a written notice of error Notice of Error/Qualified Written Requests sent to its Principal, Veterans United, which detailed .

46. Despite receiving the notices of error, nothing was corrected with respect to the Plaintiffs loan account after the closing.

47. Because of the failure to correct they suffered emotional damages when, during a period of time when a major hurricane was to make landfall, the property had no flood insurance through the Defendant's default. They suffered actual damages as they were forced secure new insurance at a greater cost and, because of this greater cost, had to sell their home.

48. Given the number of notices of error, and the fact that other borrowers have been adversely affected by this type of behavior, statutory damages are proper.

WHEREFORE, Plaintiffs seek judgment in their favor, for statutory damages, actual damages and nominal damages, and other damages to be acceptable at law, for attorney's fees and court costs, for interest (pre-judgment and post-judgment), and for any and all other relief this court deems just.

## COUNT III - BREACH OF CONTRACT
### [As to Veterans United]

49. Plaintiff repeats and restates paragraphs 1 - 32 as if fully set forth herein.

50. Plaintiffs and Defendant, Veterans United, had a valid mortgage contract. This contract required flood insurance and that the amounts paid for this insurance to be escrowed. *See Mortgage, § 3.*

51. Plaintiffs made their payments for these amounts.

52. Defendant was required to pay the insurance premiums, as they became due.

53. Defendant failed to do so, and has therefore breached this agreement.

54. Defendant's breach has caused the Plaintiff's Damages. Namely, they were forced to sell their home due to the rise in insurance costs. They also had to pay higher premiums as a result of the breach.

WHEREFORE, Plaintiffs seek judgment in their favor, for actual damages, for attorney's fees and court costs, for interest (pre-judgment and post-judgment), and for any and all other relief this court deems just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable

Dated: April 3, 2023

Respectfully submitted,

THE CONSUMER PROTECTION ATTORNEY, PA
Attorneys for Defendant(s).
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239
Email: bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

By:   /s/ Bryant H. Dunivan Jr.
      Bryant H. Dunivan Jr., Esq.
      Fla. Bar No.: 102594
      MI P. No.: 85206