## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHEN WARNOCK and HILARY
WARNOCK,

      Plaintiffs,

v.                                                           Case No: 8:23-cv-914-CEH-UAM

MORTGAGE RESEARCH CENTER
L.L.C., NATIONSTAR MORTGAGE
LLC and WRIGHT NATIONAL
FLOOD INSURANCE COMPANY,

      Defendants.

_____

## ORDER

This breach of contract and mortgage-related lawsuit comes before the Court on

Defendant, Wright National Flood Insurance Company's "Unopposed Motion to

Dismiss Plaintiffs' Amended Complaint." Doc. 31. Although Plaintiffs and Wright

National both agree to the relief sought in the Motion (that is, Wright National's

dismissal from the case), Defendants Mortgage Research Center L.L.C., and

Nationstar Mortgage LLC filed a "statement in opposition." Doc. 34.

In short, Wright National argues that Count Three of the Amended Complaint,

the sole remaining count against it, fails to state a claim as against Wright National

because Plaintiffs do not allege the existence of a contract, fail to provide factual

support to their allegations, and fail to allege what portion of the contract was

breached. Doc. 31 at 4. Wright National notes that Plaintiffs do not object to the relief sought in the Motion. *Id.* at 6.

The other defendants, however, filed a statement in opposition on the docket. Doc. 34. They argue that Plaintiffs' strategic action in adding Wright National as a party and subsequently agreeing to dismissal after the deadline for adding parties to the matter had passed deprives them of having the Court decide on their argument that Wright National is an indispensable party in this case. *Id.* at 2. Therefore, they argue they would be prejudiced by dismissal of Wright National because they would be deprived of the opportunity to move to join Wright National to the action. *Id.* Furthermore, they reiterate their arguments that Wright National is a necessary party and should not be dismissed. *Id.* at 3. They request that if the Court grant Wright National's motion to dismiss, they be given 20 days following entry of the order to join Wright to the action. *Id.*

## BACKGROUND

As relevant background, the Amended Complaint brings claims under the Real Estate Settlement and Procedures Act ("RESPA") against Defendants Mortgage Research Center and Nationstar. *See* Docs. 1, 20. It also brings a breach of contract claim pursuant to Plaintiffs' mortgage contract against Nationstar and Wright National. Doc. 20 at 11–12.

Mortgage Research Center and Nationstar filed a motion to dismiss the original complaint for failure to join an indispensable party under Fed. R. Civ. P. 19. *See* Doc. 13. They argued that Plaintiffs' claims against them were inextricably intertwined with

another entity who was not a named defendant in the action, Wright National Flood Insurance. *Id.* at 4. Because Wright National's absence would lead to a substantial risk of inconsistent obligations, and joining it would not destroy jurisdiction, Defendants argued that it must be joined, or else the case must be dismissed. *Id.*

Plaintiffs opposed the motion to dismiss, arguing that Wright National was not indispensable. Doc. 18. As to the first two Counts, brought under the Real Estate Settlement Procedures Act ("RESPA"), Plaintiffs argued that these claims focused on the other defendants in their role as mortgage servicers, and thus do not implicate Wright National. *Id.* at 1–2. As to Count Three, they argued it was a breach of contract arising from the mortgage at issue in the litigation that Wright National was not a party to. *Id.* Plaintiffs further argued that none of the counts sought relief for any alleged action or inaction of Wright National and that any claim as to it would thus fail. *Id.* at 2–4. Therefore, they argued that Wright National was not indispensable and should not be joined. *Id.* at 5–6. Plaintiffs stated that they would not object, however, to any request by Defendants for a "comfort order allowing them to seek indemnity from Wright in a Third-Party Claim under Rule 14." *Id.* at 6.

Subsequently, while the motion was pending, Plaintiffs amended their complaint to allege a potential class action and add Wright National as a Defendant. Doc. 20. This made Defendants' pending Motion to Dismiss for failure to join an indispensable party moot, as the party in question (Wright National) had been added to the case. Doc. 26.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), quoting Fed. R. Civ. P. 8(a)(2). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere naked assertions are also insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.*, quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). The Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Overall, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

**DISCUSSION**

Defendant Wright National's Unopposed Motion to Dismiss Plaintiffs' Amended Complaint as to Wright National is clearly due to be granted under Fed. R. Civ. P. 12(b)(6)—and no party argues otherwise. As noted in the motion to dismiss, Wright National is named only in Count Three, which alleges breach of contract as to Veterans United and Wright National. Doc. 31 at 2; Doc. 20 ¶¶ 62–68. However,

rather than alleging that Wright National was a party to the mortgage agreement at issue or had any obligations to Plaintiffs under it, the Amended Complaint merely alleges that "[t]o the extent Defendant, Veterans United, has indicated that Wright has breached the agreement with Plaintiffs, or is the cause of the Plaintiffs' damages, it may be liable for damages to the Plaintiff." Doc. 20 ¶ 68.

A proper breach of contract claim under Florida law, however, requires that a plaintiff plausibly plead: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009). The operative complaint here does not allege the existence of a valid contract between the Plaintiffs and Wright National or any material breach of such a contract or damages. Doc. 20 ¶¶ 62–68. Thus, even taking its allegations to be true, Count Three (and therefore the Amended Complaint) fails to state a claim against Wright National Flood Insurance Company and will be **DISMISSED**, as to Wright National only.

Having considered Defendants' Mortgage Research Center and Nationstar's arguments regarding prejudice to them and any potential "strategic" considerations behind Plaintiffs' and Wright National's amendments and unopposed motion for dismissal (Doc. 34 at 2), the Court will hereby, in its discretion, extend the case management and scheduling order deadline for any motions to add parties to **FOURTEEN (14) DAYS** from the date of this Order.

Accordingly, it is **ORDERED**:

1. Defendant, Wright National Flood Insurance Company's Unopposed Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 31) is **GRANTED.**

2. Plaintiff's Amended Complaint (Doc. 20) is **DISMISSED** as to Wright National Flood Insurance Company. The Clerk is directed to terminate Wright National Flood Insurance Company as a party to this litigation.

3. The deadline to add parties or to amend pleadings is extended to **FOURTEEN (14) DAYS** from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2024.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge


Copies furnished to:

Counsel of Record
Unrepresented Parties